E-FILED
Thursday, 29 March, 2018 02:33:14 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JOSEPH R. HURST, | ) | |
| Plaintiff, | ) | |
| v. | ) | 18-CV-3041 |
| VIRGINIA MARTINEZ and ILLINOIS PRISONER REVIEW BOARD, | ) | |
| Defendants. | ) | |

## MERIT REVIEW OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

Plaintiff proceeds pro se from his incarceration in the Dixon Correctional Center. His Complaint is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. This section requires the Court to identify cognizable claims stated by the Complaint or dismiss claims that are not cognizable. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor and taking Plaintiff's pro se status into account. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient.

Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013) (quoted cite omitted).

In his Complaint, Plaintiff alleges that he was sentenced to an indeterminate sentence of 100 to 300 years after being convicted of murdering a Chicago police officer in May 1967. Plaintiff further alleges that he was sentenced prior to the 1977 amendatory version of Illinois' Unified Code of Corrections and, under the prior statutory scheme, was eligible for parole upon the completion of 20 years less good time. Plaintiff asserts he was first eligible for parole in June 1977.

Plaintiff's Complaint contains three claims brought pursuant to 42 U.S.C. § 1983 seeking injunctive and declaratory relief against the Illinois Prisoner Review Board and Virginia Martinez, one of its members. See Wilkinson v. Dotson, 544 U.S. 74, 76 (2005) (holding that state prisoners' claims for declaratory and injunctive relief alleging that Ohio's state parole procedures violated the United States Constitution could be brought under § 1983 rather than the federal habeas corpus statutes). In Count I, Plaintiff asserts that his most recent parole hearing on September 13, 2017 failed to

satisfy the minimal requirements of fundamental fairness guaranteed by the Due Process Clause of the Fourteenth Amendment of the United States Constitution.  Specifically, Plaintiff complains that only one hearing officer, Defendant Martinez, conducted the hearing, the hearing only lasted 20 minutes, and the hearing was not recorded.  Plaintiff claims that the relevant statutes, which allow only one member to interview Plaintiff and make a record of the interview available for the full Board's consideration, violates the Due Process Clause.  Compl. at 5, citing 730 ILCS 5/3-3-2(a)(2), 730 ILCS 5/3-3-5(a), (b).

The Due Process Clause of the Fourteenth Amendment prohibits a State from depriving any person of "life, liberty, or property without due process of law."  U.S. Const. amend. XIV, § 1. There is no constitutional right to parole.  Heidelberg v. Ill. Prisoner Review Bd., 163 F.3d 1025, 1026 (7th Cir. 1998).  A State may, however, create a protected liberty interest in parole or early release "if its parole system requires release when a parole board or similar authority determines that the necessary prerequisites exist."  Id.; see also Olim v. Wakinekona, 461 U.S. 238, 249 (1983) ("[A] state

creates a protected liberty interest by placing substantive limitations on official discretion.").

The Illinois parole system does not create a property or liberty interest because the Illinois parole system is completely discretionary, outside the few instances when denial of parole is mandatory. Heidelberg, 163 F.3d at 1027 (citing Hanrahan v. Williams, 174 Ill. 2d 268, 276 (1996)). The Seventh Circuit, following the Illinois Supreme Court's interpretation of the Illinois parole statute, has held that "Illinois' parole statute does not create a legitimate expectation of parole," and prisoners do not have a protected liberty interest in being granted parole. Id.; see also Hill v. Walker, 241 Ill.2d 479, 487 (2011) (concluding that "the Illinois parole statute does not create a legitimate expectation of parole that rises to the level of a liberty interest protected by procedural due process"). Because Plaintiff does not have a protected property or liberty interest in being granted parole, his due process rights were not violated by the procedures used at his last parole hearing. See Montgomery v. Anderson, 262 F.3d 641, 644 (7th Cir. 2001) (noting that when no liberty or property interest exists, the State "is free to

use any procedures it chooses, or no procedures at all").[1] Count I fails to state a claim.

In Count II, Plaintiff alleges that Defendants violated the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution by conducting his parole hearing in the absence of a risk assessment instrument required by State law, 730 ILCS 190/15.[2] Plaintiff argues that other prisoners of his same class have had the risk assessment instrument used at their parole hearings. Plaintiff also asserts that he was deprived of his statutory right to have his suitability for parole evaluated with the aid and benefit of a risk assessment instrument.

---

[1] Plaintiff does not have a substantive due process right to an early release from prison. See, e.g., Toney-El v. Franzen, 777 F.2d 1224, 1227 (7th Cir. 1985) (involving good conduct credit and examining the plaintiff's claim that he was deprived of procedural due process).

[2] The statute recognizes a need for a common assessment tool and originally provided for the creation of a task force to study the issue. 730 ILCS 190/15(c) (West 2010); see also 730 ILCS 19/15(c-5), (d) (West 2010). The statute in its current form requires that the Prisoner Review Board, among other entities, adopt policies, rules, and regulations that will result in the use of a standardized risk assessment tool across the Illinois criminal justice system. 730 ILCS 190/15(b) (West 2016) (omitting subsections c, c-5, and d). The Court has not found any Prisoner Review Board regulations pertaining to a standardized risk assessment tool.

For the reasons stated above with regard to Count I, the Court finds that Plaintiff cannot bring a due process claim because he does not have a property or liberty interest in being granted parole. In addition, even assuming the Illinois statute provided Plaintiff a right to have his suitability for parole evaluated with the aid and benefit of a risk assessment instrument, a "violation of state law does not by itself constitute a violation of the Federal Constitution." Nordlinger v. Hahn, 505 U.S. 1, 27 (1992) (Thomas, J., concurring); Waubanascum v. Shawano Cnty., 416 F.3d 658, 666 (7th Cir. 2005) (noting that "violations of state law are by themselves insufficient to impose liability under § 1983").

That leaves Plaintiff's Equal Protection Clause claim. The Equal Protection Clause provides that "[n]o State shall . . . deny any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. To state a claim for an equal protection violation, a plaintiff must allege that the defendant acted with discriminatory purpose and discriminated against the plaintiff because of the plaintiff's membership in an identifiable class. See D.S. v. East Porter Cnty. Sch. Corp., 799 F.3d 793, 799 (7th Cir. 2015). If a plaintiff does not allege that he is a member of a

protected class, he may proceed under a class-of-one theory, in which case he must allege that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Id. (quotation marks and citation omitted).

Here, Plaintiff has not plausibly alleged that Defendants acted with discriminatory purpose or that he was intentionally treated differently from other similarly situated prisoners. At most, Plaintiff has alleged an isolated event or an inconsistency in prison management which does not, by itself, constitute a cognizable equal protection claim. See Shango v. Jurich, 681 F.2d 1091, 1104 (7th Cir. 1982) (noting on review of a preliminary injunction that the plaintiff had to establish a reasonable likelihood that the state official purposefully and intentionally discriminated against him by denying him a hearing and not just an inconsistency in prison management); McGruder v. Veath, No. 15-cv-0255-MJR-SCW, 2017 WL 6731863 (S.D. Ill. Dec. 29, 2017). Therefore, Count II fails to state a claim.

In Count III, Plaintiff alleges that the Illinois statute allowing Defendants to impose a multi-year continuance on a prisoner after

he has been denied parole violates the Ex Post Facto Clause of the United States Constitution. Section 3-3-5 of the Unified Code of Corrections provides that, if the Prisoner Review Board denies parole:

> [the Prisoner Review Board] shall provide for a rehearing not less frequently than once every year, except that the Board may, after denying parole, schedule a rehearing no later than 5 years from the date of the parole denial, if the Board finds that it is not reasonable to expect that parole would be granted at a hearing prior to the scheduled rehearing date.

730 ILCS 5/3-3-5(f).

Plaintiff alleges that, when he was sentenced[3], the law in effect only allowed a 12-month continuance following a parole denial. Now, the statute provides that a continuance in excess of 12 months can be imposed. Plaintiff claims he has been given another hearing three years from his 2017 hearing. Plaintiff asserts that the amended statute violates the prohibition against ex post facto laws because the statute creates a significant likelihood that Plaintiff's term of imprisonment will be increased.

---

[3] The appropriate date for an ex post facto analysis is the date of offense was committed, which in this case was May 23, 1967. See Rodriguez v. United States Parole Commission, 594 F.2d 170, 175 n. 6 (7th Cir. 1979); People v. Hurst, 42 Ill. 2d 217, 218 (1969) (identifying the date of Plaintiff's offense), vacated in part by 408 U.S. 935 (1972).

The United State Constitution prohibits states from passing any ex post facto law. U.S. Const., Art. 1, § 10. A law violates the Ex Post Facto Clause if the law retroactively increases the punishment for a crime after the crime was committed. Garner v. Jones, 529 U.S. 244, 259 (2000) (noting that "[r]etroactive changes in laws governing parole of prisoners" may violate the Ex Post Facto Clause in some instances). A statutory change that increases the time between parole hearings violates the Ex Post Facto Clause if the change "produces a sufficient risk of increasing the measure of punishment attached to the covered crimes." Ca. Dep't of Corrections v. Morales, 514 U.S. 499, 509, 514 (1995) (finding that the legislative amendment authorizing the Board of Prison Terms to defer subsequent suitability hearings for up to three years for prisoners convicted of certain offenses if the Board found it unreasonable to expect that parole would be granted at an earlier hearing did not violate the Ex Post Facto Clause).

The Illinois Supreme Court has held that the statutory amendment that replaced the requirement of annual parole hearings by allowing the Prisoner Review Board to schedule a prisoner's next parole hearing at an interval of up to three years did

not violate the Ex Post Facto Clause of the federal or state constitutions. See Fletcher v. Williams, 179 Ill. 2d 225 (1997); Hill, 241 Ill. 2d 479. The statute now provides for intervals of up to five years.

In Fletcher, the Illinois Supreme Court found that the amendment did not create a sufficient risk of increasing the measure of punishment. Fletcher, 179 Ill. 2d at 238. First, the court found that the statute was "tailored to the determination of the likelihood that a prisoner would be released sooner than an extended parole hearing date." Id. at 237. That is, the amended statute did not affect the date of the initial parole hearing but only affected the timing of subsequent hearings after the Board has concluded, after a hearing, that a prisoner is not suitable for parole and that "'it is not reasonable to expect that parole would be granted at a hearing prior to the scheduled rehearing date.'" Id. (quoting 730 ILCS 5/3-3-5(f) (West 1996)).

Second, the Fletcher court found that the Board retained the authority under the amended statute to tailor the frequency of the hearings depending on the particular circumstances of each prisoner. Id. at 237. Finally, a prisoner could seek a parole hearing

at any time based on new facts or extraordinary circumstances pursuant to 20 Ill. Admin. Code § 1610.100(a)(2).  Id. at 238.  Based on all of these factors, the Illinois Supreme Court concluded that the amended statute did not have any constitutionally significant effect on a prisoner's actual term of confinement.  Id.; see also Hill, 241 Ill. 2d at 494 (reaffirming the holding of Fletcher).

The Court finds the reasoning of the Illinois Supreme Court persuasive.  All of the factors considered in Fletcher remain applicable to the statute in its current form.  In this case, Plaintiff was afforded a hearing in September 2017 at which parole was denied.  Plaintiff alleges that his next hearing is set three years later in 2020 (even though the statute provides that the hearing could be scheduled up to five years later).  Should new facts or extraordinary circumstances arise, Plaintiff can request a hearing sooner.  The Court concludes that Plaintiff has not plausibly alleged that the amendment to the statute that permits hearings be set at intervals of up to five years creates a significant risk of increasing his punishment.  Count III, therefore, fails to state a claim.

**IT IS THEREFORE ORDERED:**

(1) Plaintiff's complaint is dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915A. The Court will afford Plaintiff the opportunity to amend his complaint if he believes he can state a claim. See, e.g., Smith v. Knox Cnty. Jail, 666 F.3d 1037, 1040 (7th Cir. 2012) (noting that a pro se plaintiff should be given an opportunity to amend his complaint before the Court dismisses the complaint with prejudice). Plaintiff shall file an amended complaint, if any, on or before April 19, 2018.

(2) Plaintiff's Motion for Service of Process at Government's Expense (d/e 6) is DENIED AS MOOT with leave to refile.

(3) **The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, if not already done.**

**ENTERED: March 29, 2018**

**FOR THE COURT:**

           s/Sue E. Myerscough
           **SUE E. MYERSCOUGH**
         **UNITED STATES DISTRICT JUDGE**