# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| JOSEPH R. HURST, | ) |
| Plaintiff, | ) |
| v. | ) 18-CV-3041 |
| VIRGINIA MARTINEZ and ILLINOIS PRISONER REVIEW BOARD, | ) |
| Defendants. | ) |

## MERIT REVIEW OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

On March 29, 2018, this Court dismissed Plaintiff Joseph R. Hurst's Complaint with leave to file an amended complaint. On April 16, 2018, Plaintiff filed an Amended Complaint.

Plaintiff's Amended Complaint is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. This section requires the Court to identify cognizable claims stated by the Amended Complaint or dismiss claims that are not cognizable. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor and taking Plaintiff's

pro se status into account.  Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "'state a claim for relief that is plausible on its face.'"  Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013) (quoted cite omitted).  After reviewing the Amended Complaint, the Court will allow Count 3, the ex post facto violation claim, to proceed against Defendant Virginia Martinez in her official capacity.

    The Court assumes familiarity with the Court's first merit review opinion (d/e 9).  Plaintiff names as Defendants the Illinois Prisoner Review Board (the Board) and Virginia Martinez, the Board member who conducted Plaintiff's parole hearing on September 13, 2017.

    Plaintiff's Amended Complaint contains the same three counts contained in his initial complaint.  Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and alleges that Defendants have violated their United States Constitutional obligation to afford Plaintiff a fair and impartial parole hearing.  Plaintiff also alleges

that the retroactive application of 730 ILCS 5/3-3-5(f),[1] which allows for multi-year continuances of parole hearings, violates the Ex Post Facto Clause of the U.S. Constitution. Plaintiff alleges that, following the denial of parole in November 2017, the Board set his next hearing for three years later rather than the following year, as would have been required if the Board applied the statute in place when Plaintiff committed the underlying offense.

Plaintiff seeks declaratory relief and an order vacating Plaintiff's parole denial and the three-year continuance. Plaintiff asks that the Court direct Defendants to permit Defendant to appear before a full Board or those members who will decide his parole and direct Defendant to use a risk assessment instrument during his rehearing.

For the reasons stated in the March 29, 2018 Opinion, the Court finds that Counts 1 and 2 fail to state a claim because Plaintiff does not allege a liberty or property interest. See

---

[1] "[I]f [the Prisoner Review Board] denies parole it shall provide for a rehearing not less frequently than once every year, except that the Board may, after denying parole, schedule a rehearing no later than 5 years from the date of the parole denial, if the Board finds that it is not reasonable to expect that parole would be granted at a hearing prior to the scheduled rehearing date." 730 ILCS 5/3-3-5(f).

Montgomery v. Anderson, 262 F.3d 641, 644 (7th Cir. 2001) (noting that when no liberty or property interest exists, the State "is free to use any procedures it chooses, or no procedures at all").

The Court will allow Count 3, the ex post facto claim, to proceed. A statutory change that increases the time between parole hearings violates the Ex Post Facto Clause if the change "produces a sufficient risk of increasing the measure of punishment attached to the covered crimes." Ca. Dep't of Corrections v. Morales, 514 U.S. 499, 509, 514 (1995) (finding that the legislative amendment authorizing the Board of Prison Terms to defer subsequent suitability hearings for up to three years for prisoners convicted of certain offenses if the Board found it unreasonable to expect that parole would be granted at an earlier hearing did not violate the Ex Post Facto Clause where the amendment only applied to a class of prisoners for whom the likelihood of release was remote).

Plaintiff alleges that, during the interval of a multi-year continuance, new Board members often replace the members who voted for the continuance. The new Board members are prevented from voting in an inmate's favor earlier than the expiration date of the multi-year continuance. He further alleges that this creates a

sufficient risk that his term of imprisonment will be increased because, if Board members were allowed to vote earlier, he would stand to be released earlier. The Court will allow Count 3 to proceed at this time.

The Court also finds, however, that Plaintiff's claims against the Board are barred by the Eleventh Amendment. See Horton v. Marovich, 925 F. Supp. 540, 545 (N.D. Ill. 1996) (claim against the Illinois Prisoner Review Board barred by the Eleventh Amendment). The Eleventh Amendment bars suits against a state, its agencies, and departments absent consent by the state or a valid congressional override. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) (Eleventh Amendment bar applies regardless of the relief sought).

Here, the State has not consented to being sued in federal court in the statute creating the Prisoner Review Board, and Congress did not intend that § 1983 abrogate a state's immunity. See Horton, 925 F. Supp. at 544 (finding "[t]he state of Illinois has not consented, either expressly or impliedly, to be sued in federal court in the statute creating its Prisoner Review Board"); Thomas v. Illinois, 697 F.3d 612, 613 (7th Cir. 2012) (noting that "Congress

did not abrogate the states' sovereign immunity from suit under section 1983"). Moreover, § 1983 only authorizes suits against "persons," which do not include states and state agencies. Id.

An exception to the Eleventh Amendment bar exists where the suit is one against a state official seeking prospective injunctive relief for an ongoing violation of federal law. Ex parte Young, 209 U.S. 123, 159-60 (1908); Ameritech Corp. v. McCann, 297 F.3d 582, 586 (7th Cir. 2002) (noting that "state officials may be sued in their official capacities for injunctive relief"). Plaintiff brings such a claim against Defendant Martinez. Therefore, Count 3 will proceed solely against Defendant Martinez in her official capacity.

**IT IS THEREFORE ORDERED:**

1) Defendant Illinois Prisoner Review Board is dismissed.

2) This case is now in the process of service on Defendant Martinez. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, in order to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any

evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendant Martinez by mailing a waiver of service. Defendant has 60 days from the date the waiver is sent to file an Answer or otherwise respond to the complaint. If Defendant has not filed an Answer, a motion to dismiss, or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.

4) Defendant Martinez shall file an answer or otherwise respond within 60 days of the date the waiver is sent by the Clerk. If Defendant files an answer, the answer should include all defenses appropriate under the Federal Rules.

5) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not

filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

    6)    Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

    7)    If Defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on Defendant and will require Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

**ENTERED: June 1, 2018**

**FOR THE COURT:**

                                        **s/Sue E. Myerscough**
                                        **SUE E. MYERSCOUGH**
                               **UNITED STATES DISTRICT JUDGE**