UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **JOSEPH R. HURST,** | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | 18-CV-3041 |
| **VIRGINIA MARTINEZ,** | ) ) ) | |
| Defendants. | ) | |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on Defendant Virginia Martinez's Motion to Dismiss (d/e 17). Plaintiff Joseph R. Hurst alleges that the amended version of 730 ILCS 5/3-3-5(f) that allows the Prisoner Review Board (Board) to, after initially denying an inmate parole, schedule the next hearing up to five years in the future, violates the Ex Post Facto Clause of the United States Constitution. Because the amendment does not create a sufficient risk of increasing the measure of punishment, Plaintiff's Amended Complaint fails to state a claim for relief. Defendant's Motion to Dismiss is GRANTED.

# I. PROCEDURAL BACKGROUND

In March 2018, Plaintiff filed a pro se Complaint under 42 U.S.C. § 1983. The Court conducted a merit review and dismissed the Complaint with leave to replead. Opinion (d/e 9). On April 16, 2018, Plaintiff filed an Amended Complaint (d/e 11). The Court allowed Plaintiff's claim under the Ex Post Facto Clause to proceed against Martinez in her official capacity as a member of the Illinois Prisoner Review Board. Opinion (d/e 12). The Court directed Defendant to answer or otherwise respond to the Amended Complaint.

# II. FACTUAL BACKGROUND

Plaintiff was sentenced to an indeterminate sentence of 100 to 300 years after being convicted of murdering a Chicago police officer in May 1967. Am. Compl. ¶ 11; see also People v. Hurst, 42 Ill.2d 217 (1969). He was first eligible parole in June 1977. Am. Compl. ¶ 14. He was denied parole then and after every parole hearing since. Id. Plaintiff's most recent parole hearing occurred on November 16, 2017. Am. Compl. ¶ 26. Following the denial of parole in November 2017, the Board continued his next parole hearing for three years (until November 2020). Id.

Plaintiff alleges that, at the time he committed the offense, the law in effect permitted only a 12-month continuance following a parole denial. Id.[1] Section 3-3-5 of the Unified Code of Corrections currently provides that, if the Prisoner Review Board denies parole:

> [the Prisoner Review Board] shall provide for a rehearing not less frequently than once every year, except that the Board may, after denying parole, schedule a rehearing no later than 5 years from the date of the parole denial, if the Board finds that it is not reasonable to expect that parole would be granted at a hearing prior to the scheduled rehearing date.

730 ILCS 5/3-3-5(f). Plaintiff asserts that the Board's imposition of the three-year continuance in 2017 pursuant to 730 ILCS 5/3-3-5(f) violated the Ex Post Facto Clause of the United States Constitution.

Specifically, Plaintiff alleges that, during the interval between the denial and the next hearing, new Board members often replace

---

[1] The Court has been unable to confirm that, when Plaintiff committed the offense, the law permitted only a 12-month continuance following a parole denial. The 1967 statutes do not indicate how often parole hearings must be held. See Ill. Rev. St. 1967, ch. 38, par. 123-1 (parole and work release); Ill. Rev. St. 1967, ch. 127, par. 55b (powers and duties of the Parole and Pardon Board); Ill. Rev. Stat. 1967, ch. 108, par. 204(a) (granting Parole and Pardon Board authority to make regulations). Neither the Court nor Defendant were able to locate the 1967 Rules and Regulations of the Parole and Pardon Board. See, e.g., People ex rel. Jefferson v. Brantley, 44 Ill.2d 31, 33 (1969) (referencing the Rules and Regulations of the Parole and Pardon Board and noting that "[t]here is nothing in the statute or rules which would disallow a continuance for more than nine months"). The Court will assume, for purposes of the Motion to Dismiss, that when Plaintiff committed the offense the law permitted only a 12-month continuance following a parole denial.

those who voted for the continuance.  Am. Compl. ¶ 27.  Those new Board members are prevented from voting in the inmate's favor prior to the expiration of the continuance.  Id.  According to Plaintiff, if the new Board members were allowed to vote earlier, he "would stand to be released earlier."  Id.  Plaintiff asserts that, unless there is reasonable assurance that the same Board members who imposed a multi-year continuance will be the same members at the end of the continuance, "there is a distinct possibility that the imposition of a multi-year continuance retroactively, delaying the vote of new [Board] members, creates a sufficient risk of increasing Plaintiff's measure of punishment."  Id. ¶ 34.

Plaintiff seeks a declaratory judgment that the amended statute creates a sufficient risk that the term of Plaintiff's imprisonment will be increased and, therefore, violates the Ex Post Facto Clause of the U.S. Constitution.  Plaintiff does not seek to invalidate the prior parole proceedings or obtain immediate release.  He only seeks annual parole hearings.

### III. DEFENDANT'S MOTION TO DISMISS

Defendant moves to dismiss the Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure

12(b)(6). Defendant asserts that (1) the amended statute does not create a sufficient risk of increasing the punishment attached to the crime; (2) the Board retains authority under the amended statute to tailor the frequency of hearings depending on the circumstances of each prisoner; (3) Plaintiff's requested relief would create an unreasonable burden on the Board and would undermine its authority; (4) Defendant is entitled to absolute immunity for requests for monetary relief; and (5) Defendant lacks authority to effectuate Plaintiff's requested relief and, if the motion to dismiss is denied, the Chairperson of the Board should be substituted as the proper party for carrying out prospective injunctive relief.

## IV. LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. Christensen v. Cnty. of Boone, Ill., 483 F.3d 454, 458 (7th Cir. 2007). To state a claim for relief, a plaintiff need only provide a short and plain statement of the claim showing she is entitled to relief and giving the defendants fair notice of the claims. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).

When considering a motion to dismiss under Rule 12(b)(6), the Court construes the complaint in the light most favorable to the

plaintiff, accepting all well-pleaded allegations as true and construing all reasonable inferences in plaintiff's favor. Id. However, the complaint must set forth facts that plausibly demonstrate a claim for relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007). A plausible claim is one that alleges factual content from which the Court can reasonably infer that the defendants are liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Merely reciting the elements of a cause of action or supporting claims with conclusory statements is insufficient to state a cause of action. Id.

## V. ANALYSIS

The United State Constitution prohibits states from passing any ex post facto law. U.S. Const., Art. 1, § 10. A law violates the Ex Post Facto Clause if the law retroactively increases the punishment for a crime after the crime was committed. Garner v. Jones, 529 U.S. 244, 259 (2000) (noting that "[r]etroactive changes in laws governing parole of prisoners" may violate the Ex Post Facto Clause in some instances). A statutory change that increases the time between parole hearings violates the Ex Post Facto Clause if the change "produces a sufficient risk of increasing the measure of

punishment attached to the covered crimes." Ca. Dep't of Corrections v. Morales, 514 U.S. 499, 509, 514 (1995) (finding that the legislative amendment authorizing the Board of Prison Terms to defer subsequent suitability hearings for up to three years for prisoners convicted of certain offenses if the Board found it unreasonable to expect that parole would be granted at an earlier hearing did not violate the Ex Post Facto Clause).

In Morales, the United States Supreme Court, while not adopting a single formula for identifying which amendments survive an ex post facto challenge, considered that the amendment applied to a class of prisoners for whom the likelihood of parole was remote, that the parole board's authority under the amendment was carefully tailored to relieve the board of scheduling parole hearings for prisoners who have no chance of being released, and that the parole board retained the authority to tailor the frequency of subsequent hearings. Morales, 514 U.S. at 510-511. The Court concluded that, "[i]n light of the particularized findings required under the amendment and the broad discretion given to the board, the narrow class of prisoners covered by the amendment cannot reasonably expect that their prospects for early release on parole

would be enhanced by the opportunity of annual hearings." Id. at 512.

Here, while the amendment applies to all prisoners, the amendment is carefully tailored and the Board retains the authority to tailor the frequency of the hearings for each prisoner. The Court finds the Illinois Supreme Court's decision in Fletcher v. Williams, 179 Ill. 2d 225 (1997) analyzing an earlier amendment to the same statute persuasive in this regard.

In Fletcher, the Illinois Supreme Court held that the statutory amendment that replaced the requirement of annual parole hearings by allowing the Prisoner Review Board to schedule a prisoner's next parole hearing at intervals of up to three years did not violate the Ex Post Facto Clause of the federal or state constitutions. Fletcher 179 Ill. 2d 225, 226 (1997); see also Hill v. Walker, 241 Ill. 2d 479, 494 (2011) (holding that "there is no question that section 3-3-5(f) on its face, or in its operation pursuant to its binding regulation . . . does not create a significant risk of increasing Hill's incarceration"). (As noted above, the statute now provides for intervals of up to five years.) First, the court found that the amended statute did not have the effect of increasing

punishment because the statute did "not enhance the range of available prison terms or the substantive criteria for determining a prisoner's eligibility or suitability for parole." Id. at 237.

Second, the statute was "tailored to the determination of the likelihood that a prisoner would be released sooner than an extended parole hearing date." Id. at 237. That is, the amended statute did not affect the date of the initial parole hearing but only affected the timing of subsequent hearings once the Board has concluded, after a hearing, that a prisoner is not suitable for parole and that "'it is not reasonable to expect that parole would be granted at a hearing prior to the scheduled rehearing date.'" Id. (quoting 730 ILCS 5/3-3-5(f) (West 1996)).

Third, the Fletcher court found that the Board retained the authority under the amended statute to tailor the frequency of the hearings depending on the particular circumstances of each prisoner. Id. at 237. The statute provided that if the Board finds that it is not reasonable to expect that parole would be granted sooner, the Board can schedule the hearing no later than three years after the parole denial. Id. at 237-38.

Finally, the court noted that a prisoner could seek a parole hearing at any time based on new facts or extraordinary circumstances pursuant to 20 Ill. Admin. Code § 1610.100(a)(2). Id. at 238. Based on all of these factors, the Illinois Supreme Court held that "we cannot say that the amended Corrections Code section 3-3-5(f) will have any constitutionally significant effect on any prisoner's actual term of confinement." Id. at 238; see also Hill, 241 Ill. 2d at 494 (reaffirming the holding of Fletcher).

All of the factors considered in Fletcher remain applicable to the statute in its current form. The amendment does not apply to the initial hearing but only to subsequent hearings. The default is an annual hearing unless the Board specifically finds that it is not reasonable to expect that parole would be granted earlier. The Board has the discretion to set the hearing following a parole denial within one to five years. Moreover, if new facts or extraordinary circumstances arise, Plaintiff can request a hearing sooner. 20 Ill. Adm. Code § 1610.100(a)(2); see also Adams v. Meloy, 287 F. App'x 531 (7th Cir 2008) (unpublished disposition finding that Indiana's policy changing the frequency of parole hearings to once every five years did not violate the Ex Post Facto Clause).

Plaintiff argues that none of the prior cases deciding the ex post facto issue in this context considered that members of the Board might change between the time parole is denied and the date the next parole hearing is scheduled.  Plaintiff points to an earlier hearing of his where a Board member raised this concern and the motion to impose a multi-year continuance was withdrawn.  Am. Compl. ¶ 30 (alleging that a Board member asserted that the incoming board members should be given the opportunity to judge for themselves).  Plaintiff argues that there is a sufficient risk of increasing the measure of punishment "whenever new Board members replace outgoing members who leave before the expiration of the multi-year continuance that they imposed, which prevents new Board members from voting earlier."  Resp. at 9 (d/e 20).

However, in Morales, the United States Supreme Court described changes to a parole board's membership as "innocuous adjustments" with only a speculative risk of affecting prisoner's term of confinement.  Morales, 514 U.S. at 509 ("Under respondent's approach, the judiciary would be charged under the Ex Post Facto Clause with the micromanagement of an endless array of legislative adjustments to parole and sentencing

procedures, including such innocuous adjustments as changes to the members of the Board"); see also Garner, 529 U.S. 259 (noting that the "Ex Post Facto Clause gives respondent no cause to complain that the Board in place at the time of his offense has been replaced by a new, tough-on-crime Board") (Scalia, J., concurring in part in the judgment). Moreover, Plaintiff's reference to his earlier hearing at which the motion to impose a multi-year continuance was withdrawn demonstrates that the Board retains and exercises the authority to tailor the frequency of the hearings to the particular circumstance of the individual prisoner. See Morales, 514 U.S. at 511 (considering this as one of the factors when deciding whether the amendment violated the Ex Post Facto Clause).

Moreover, the risk of increased punishment in this case is entirely speculative. Because the amendment permitting the Board to schedule the next parole hearing up to five years in the future does not create a sufficient risk of increasing the measure of punishment, Plaintiff's Amended Complaint fails to state a claim for relief. See, e.g., United States v. McGee, 60 F. 3d 1266, 1271 (7th Cir. 1995) (finding that statute mandating imprisonment for

violation of supervised release terms did not violate the Ex Post Facto clause where the risk of increased punishment was speculative).

## VI. CONCLUSION

For the reasons stated, Defendant's Motion to Dismiss (d/e 17) is GRANTED.  This cause is dismissed, with prejudice.  The Clerk is DIRECTED to enter judgment in favor of Defendant.

**FOR THE COURT:  November 2, 2018**

                         **s/Sue E. Myerscough**
                         **SUE E. MYERSCOUGH**
                         **UNITED STATES DISTRICT JUDGE**